Kenton-Walker, Janet, J.
Plaintiffs (“Quarter Keg”) move the court to enter partial summary judgment in its favor on Count I (breach of contract) of the complaint. The defendant (“Mass. Highway”) seeks partial summary judgment in its favor on Counts II (negligence), III (nuisance), and IV (violation of chapter 2 IE) of the complaint and opposes Quarter Keg’s motion for summary judgment on Count I.
On January 21, 2000, the parties entered into valid Release of All Claims and Settlement Agreement (“Release”). The Release related to a previous claim filed by Quarter Keg against Mass. Highway resulting from the release of salt and subsequent contamination of Quarter Keg’s drinking water wells, and related issues, on its property in Charlton, Massachusetts. Based on the undisputed facts in the summary judgment record, the court concludes that the Release addressed the issues raised in the negligence, nuisance and violation *498 of Chapter 2IE claims, and Mass. Highway is entitled to summary judgment on those counts.
With regard to Count I, the parties’ both agree that the issue raised requires an interpretation of the Release. The interpretation of a written contract is a question of law for the court. Sarvis v. Cooper, 40 Mass.App.Ct. 471, 475 (1996). Under Clause 1 of the Release, titled “Financial Compensation,” Mass. Highway was required to pay Quarter Keg $75,000 for past damages. In Clause 2 of the Release, entitled “Non-Financial Compensation,” the parties agreed in subsection “a” that if a municipal water supply line was installed in the roadway near the Quarter Keg property, Mass. Highway would pay the costs of connecting the Quarter Keg property to that water line. In subsection “b” of Clause 2 of the Release, the parties agreed:
If within eighteen (18) months of execution of this Agreement, a municipal water supply line is not connected to and operating at the Quarter Keg Pub; and if current plans for development of a municipal water supply line within the vicinity the Quarter Keg Pub are abandoned or terminated, whichever happens first; the parties agree that [Mass. Highway] will have three additional years to provide the Quarter Keg Pub a well with water suitable for drinking.
Quarter Keg contends that because more than eighteen months of have passed since the Release was executed and the property has not been connected to a municipal water supply line, and more than the additional three years have passed for Mass. Highway to provide a well, Mass. Highway is in breach of the Release. Mass. Highway contends that all of the conditions precedent contained in subsection b of Clause 2 have not been met, namely that the town of Charlton has not abandoned or terminated its then current plan to develop a municipal water supply line in the vicinity of the Quarter Keg’s property. In essence, Mass. Highway relies on the use of the semi-colon in subsection b to argue that not only must eighteen months have to lapse, but also the town has to either abandon or terminate its current plan to develop the municipal water supply line. Mass. Highway argues that given the use of a semi-colon between the eighteen-month clause and the water line clause, the language “whichever happens first” relates only to the water line clause and refers only to the “abandoned or terminated” language.
As Mass. Highway correctly points out in its opposition, a contract must be interpreted as a whole, and effect must be given to all of its provisions in order to effectuate its overall purpose. Brillante v. R.W. Granger & Sons, Inc., 55 Mass.App.Ct. 542, 548 (2002). In interpreting a contract, the court must construe all words that are plain and free from ambiguity according to their usual and ordinaiy sense. Suffolk Construction Co., Inc. v. Lonco Scaffolding Co., Inc., 47 Mass.App.Ct. 726, 729 (1999). A plain and logical reading of the Release does not support the position Mass. Highway argues. The overall purpose of the Release was to provide the Quarter Keg with potable drinking water and it was hoped that the then current plans for the municipal water supply would provide that potable water. However, the parties planned for the contingency that no municipal water supply line would be available, which would then trigger Mass. Highway’s obligation to provide another source for potable water.
If this court were to read subsection b as Mass. Highway urges, there is no time limit as to when Mass. Highway’s additional three-year grace period would begin, and the overall purpose of the contract would be defeated. Giving plain and logical meaning to the Release as a whole in order to effectuate its overall purpose, the “whichever happens first” language must be interpreted to mean that Mass. Highway’s obligation to provide a well to Quarter Keg occurs either three years after eighteen months have passed from the signing of the Release or three years after the town has abandoned or terminated its current plan for a municipal water supply line in the vicinity of the Quarter Keg’s property, “whichever happens first.”[2]
Based on the undisputed facts in the summary judgment record, the court concludes that the conditions precedent have been met and Mass. Highway was obligated to provide a well to Quarter Keg under the terms of the Release. Accordingly, because Mass. Highway has failed to do so, it is in breach of the Release and summary judgment on liability only must enter in favor of Quarter Keg on Count I. Summary judgment must enter in favor of Mass. Highway on Counts II (negligence), III (nuisance), and IV (violation of chapter 2IE).

ORDER

Based on the foregoing, it is hereby ORDERED that Quarter Keg’s motion for summary judgment on Count I (as to Liability Only) be ALLOWED and Mass. Highway’s cross motion for summary judgment on Counts II, III and IV be ALLOWED.

he court also notes that the affidavits filed by the parties from the town officials support a finding that the plans for a municipal water supply line that existed at the time of the signing of the Release had been abandoned or terminated. Therefore, even if this court were to interpret the language of clause b as Mass. Highway suggests, there is ample evidence in the summary judgment record to support the contention that both conditions precedent have been met.